UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LYNN HANSEN and PAUL HANSEN,        *
                                    *
            Plaintiffs,             *
                                    *
    v.                              *   Civil Action No. 1:11-cv-11128-JLT
                                    *
SAXON MORTGAGE SERVICES, INC.,      *
                                    *
            Defendants.             *

MEMORANDUM AND ORDER

August 23, 2012

TAURO, J.

I.    Background

    A.    Factual Background

Plaintiffs Lynn and Paul Hansen mortgaged a property at 53 Ocean Street, Marshfield,

Massachusetts ("Property").[1]  Plaintiffs were unable to pay their mortgage on the Property after

Mrs. Hansen lost her job and her father passed away.[2]  As a result of these changes in their

financial situation, Plaintiffs filed for a Home Affordable Modification Program ("HAMP")

modification to their mortgage payments.[3]  In a letter dated April 15, 2011, Defendant denied

Plaintiffs' application for a HAMP modification because the Property was not Plaintiffs' primary

residence.[4]

Before Plaintiffs applied for a HAMP modification, the Property was deemed

---

[1] Compl.[#1-1].

[2] Compl. ¶ 2.

[3] Compl. ¶ 2.

[4] Compl. ¶ 4.

uninhabitable due to water damage. Plaintiffs intended to use the Property as their primary

residence once the water damage was repaired, and Defendant was aware of this intention.

Plaintiffs' homeowners insurance has since paid for these repairs and the Property is now

habitable.[5]

On May 9, 2011, Plaintiffs received a letter from Defendant announcing a scheduled

foreclosure sale of the Property on May 18, 2011.[6] On May 17, 2011, Defendant gave verbal

confirmation to Plaintiffs' attorney, MariElizabeth McKeon, that the foreclosure sale had been

postponed until June 15, 2011.[7] Ms. McKeon relayed this information to Plaintiffs.[8] On May 18,

2011, Ms. McKeon called Defendant to request written confirmation of the postponement and

Defendant informed her that the sale would proceed on that day, May 18, as originally planned.[9]

B.      Procedural Background

Plaintiffs filed their Complaint [#1, ex. A] in the Massachusetts Land Court on May 20,

2011. Plaintiffs bring the following two counts: (1) petition to vacate foreclosure sale; and (2)

violation of Mass. Gen. Laws ch. 93A, the Massachusetts Consumer Protection Act.[10]  In Count

I, Plaintiffs claim the foreclosure sale should be vacated because Defendant fraudulently

represented that the sale had been postponed and because the notice, execution, advertisement

---

[5] Compl. ¶¶ 3, 5-7.

[6] Pls.' Lynn and Paul Hansen's Opp'n Def. Saxon Mortgage Services, Inc.'s Mot. Dismiss.
[#11] at 2. This letter was drafted on April 15, 2011 but was not mailed under May 4, 2011. Id.

[7] Compl. ¶ 9.

[8] Compl. ¶ 10.

[9] Compl. ¶ 11.

[10] Compl. ¶¶ 3-4.

and endorsement of the sale were improper.[11] Plaintiffs also claim that the sale should be vacated because Defendant failed to comply with the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501-596 (2006).

In Count II, Plaintiffs allege that Defendant violated Mass. Gen. Laws ch. 93A because Defendant "fraudulently induc[ed] Plaintiffs to enter into a loan modification" that caused Plaintiffs' damages, including foreclosure fees and the loss of their home.[12] On May 11, 2011 Plaintiffs mailed the demand letter required under Chapter 93A.[13] Plaintiffs argue that the urgency of the situation required that they not wait the required thirty days before filing suit.[14]

On June 23, 2011, Defendant filed a Notice of Removal and the case was removed to the United States District Court for the District of Massachusetts. Defendant filed Defendant's Motion to Dismiss [#8] on January 13, 2012. Defendant asks this Court to dismiss Plaintiffs' Complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."[15] Defendant argues that Count I should be dismissed as untimely because Plaintiffs failed to bring action until after the foreclosure sale. Defendant argues that Count II should be dismissed because Plaintiffs, in violation of Chapter 93A, did not wait thirty days after their demand letter to file suit. Plaintiffs filed their Motion in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim upon Which Relief can Be Granted [#10] on February 8, 2012. The parties appeared for a hearing before this court on July 11, 2012, and the court took the motion under

---

[11] Compl. ¶¶ 12, 15, 16, 19, 21.

[12] Compl. ¶ 28.

[13] Compl. ¶ 26.

[14] Compl. ¶ 26.

[15] Fed. R. Civ. P. 12(b)(6); Def.'s Mot. Dismiss [#8] at 1.

advisement.

III.    Discussion

    A.    Motion to Dismiss Standard

In order "to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'"[16]  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[17]  The court construes facts in the light most favorable to the plaintiff, but it "need not accept a plaintiff's assertion than a factual allegation satisfies an element of a claim . . . nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion."[18]

    B.    Analysis

        1.    Petition to Vacate Foreclosure Sale

Defendant argues that Count I of Plaintiffs' Complaint should be dismissed as untimely because Plaintiffs waited until after the foreclosure sale to bring suit despite having prior notice of the sale.[19]  There are no disputed facts regarding whether the suit was brought after the foreclosure sale.  The only issue presented is whether filing suit after the foreclosure sale had taken place bars Plaintiffs' claim as a matter of law.[20]

A foreclosure sale may be set aside after the fact if either: (a) the mortgagee acted in bad

---

[16] Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007)).

[17] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

[18] Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3 (1st Cir. 2006).

[19] Def.'s Mot. Dismiss at 1.

[20] See Def.'s Mot. Dismiss at 1; Compl. ¶ 1.

4

faith; or (b) the sale was procedurally defective.[21]  The mortgagor has the burden of proving that either the mortgagee acted in bad faith or the statutory requirements of the foreclosure sale were violated.[22]  To survive a motion to dismiss, the mortgagor's assertion cannot be a mere conclusory statement, but must be supported with enough facts to raise a plausible right to relief.[23]

It is well settled that a mortgagee has a duty to "act in good faith and must use reasonable diligence to protect the interests of the mortgagor."[24]  To sufficiently allege that the mortgagee acted in bad faith, the mortgagor must point to specific misconduct by the mortgagee,[25] and in

---

[21] Brown v. Financial Enterprises, Corp.,188 B.R. 476, 480 (D. Mass. 1995) (finding that the mortgagor's right to redemption expired upon foreclosure where the mortgagor did not provide enough evidence of the mortgagee's bad faith and did not allege that the statutory requirements of the foreclosure sale were violated); W. Roxbury Co-op. Bank v. Bowser, 87 N.E.2d 113, 115 (Mass. 1949). In some cases, a valid request to vacate a foreclosure sale may be barred by laches. Tetrault v. Fournier, 72 N.E. 351, 351 (Mass. 1904) (finding that a mortgagor's claim was barred by laches where the mortgagor waited ten years after the sale to file suit and did not provide a sufficient reason for the delay); Learned v. Foster, 117 Mass. 365, 369 (1875) (finding that, because the "right to avoid the sale will be treated as waived unless asserted within a reasonable time," a suit brought thirteen years after a defective foreclosure sale is barred as untimely); Stewart v. Bass River Sav. Bank, 336 N.E.2d 921 (Mass. App. Ct. 1975) (dismissing a suit brought sixteen years after a foreclosure sale because the delay prejudiced the defendant and "[i]t would have been inequitable to permit the plaintiff the remedy he now seeks when the facts on which he based his later claim were known to him at the time he first brought the bill"). In this case, however, Plaintiffs brought suit within two days of the foreclosure sale of the Property. Compl. ¶ 1.

[22] Brown, 188 B.R. at 481; W. Roxbury Co-op. Bank, 87 N.E.2d at 115 (citing Purdie v. Roche, 24 N.E.2d 674 (Mass. 1939)).

[23] See Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

[24] Williams v. Resolution GGF OY, 630 N.E.2d 581, 584 (Mass. 1994) (citing Seppala & Aho Constr. Co. v. Petersen, 367 N.E.2d 613 (Mass. 1977).

[25] F.D.I.C. v. Elder Care Servs., Inc., 82 F.3d 524, 527 (1st Cir. 1996); States Res. Corp. v. The Architectural Team, Inc., 433 F.3d 73, 81 (1st Cir, 2005).

some cases, "the combination of motive and outcome" will suffice to demonstrate bad faith.[26]

In <u>Vincent v. Ameriquest Mortgage Co.</u>, the Massachusetts Bankruptcy Court denied a motion to dismiss the mortgagor's claim of fraud.[27] The mortgagor alleged that an employee of the mortgagee advised her to stop paying her mortgage and led the mortgagor to refinance at a rate she could not afford.[28] The mortgagor did not know the exact date of the phone call, but she had the resulting loan application. The Court analyzed this information in light of the three purposes of Rule 9(b)'s heightened pleading standard, which are the following: "(1) to place the defendants on notice and enable them to prepare meaningful responses; (2) to preclude the use of a groundless fraud claim as a pretext to discovering a wrong or as a 'strike suit;' and (3) to safeguard defendants from frivolous charges which might damage their reputations." The court found that the mortgagor's complaint included sufficient information.[29]

In this case, Plaintiffs allege that Defendant acted in bad faith and that the sale was procedurally defective.[30] Because there are enough facts to raise a plausible claim to relief based on bad faith, the court will only focus on that issue. Plaintiffs argue that in a conversation with Plaintiffs' attorney, Ms. Mckeon, on May 17, 2011, Defendant fraudulently represented that the sale had been postponed. Plaintiffs have provided the specific date of the conversation, the nature

---

[26] <u>Elder Care Servs.</u>, 82 F.3d at 527.

[27] <u>See</u> <u>Vincent v. Ameriquest Mortg. Co.</u>, 381 B.R. 564, 574 (Bankr. D. Mass. 2008).

[28] <u>Id.</u>

[29] <u>Id.</u> (quoting <u>New England Data Servs., Inc. v. Becher</u>, 829 F.2d 286, 288 (1st Cir. 1987)).

[30] Compl. ¶¶ 12, 15, 16, 19, 21.

of the call, and the person who spoke to Defendant on behalf of Plaintiffs.[31]  As in <u>Vincent</u>, this

information is sufficient to give Defendant notice of the specific claim against it.[32]  If true, this

information also alleges more than a frivolous claim.[33]  Plaintiffs point to specific facts that

suggest that Defendant acted in bad faith.  Plaintiffs have, therefore, provided enough details to

raise a plausible right to relief.  Given this information and the fact that there is no caselaw

suggesting that Plaintiff's <u>Complaint</u> is untimely, Defendant's <u>Motion to Dismiss</u>, as it pertains to

Count I, is DENIED.

2.   <u>Unfair Practices Under Chapter 93A</u>

Defendant argues that Count II, violation of the Massachusetts Consumer Protection Act,

should be dismissed because Plaintiffs failed to comply with Chapter 93A § 9(3) by filing their

<u>Complaint</u> within thirty days of their written demand for relief.  Chapter 93A § 9(3) provides, in

relevant part, that "[a]t least thirty days prior to the filing of any such action, a written demand for

relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice

relied upon and the injury suffered, shall be mailed or delivered to any prospective respondent."[34]

Failure to send a demand letter is grounds for dismissal.[36]  This aligns with the policies

---

[31] Compl. ¶¶ 9, 12.

[32] <u>See</u> <u>Vincent</u>, 381 B.R. at 574.

[33] <u>Akar v. Fed. Nat. Mortg. Ass'n</u>, CA-No. 10-10539-NMG, 2012 WL 661458, at *16 (D. Mass. Feb. 8, 2012) (finding that the mortgagor had sufficiently pled the mortgagee's bad faith where she alleged, among other things, that the mortgagor "failed to comply with its promises to consider [mortgagee]'s application for a loan modification before carrying out the foreclosure").

[34] Mass. Gen. Laws ch. 93A, § 9(3) (emphasis added).

[36] <u>Roberts v. Crowley</u>, 538 F. Supp. 2d 413, 421 (Mass. Dist. Ct. 2008); <u>Mitchell v. Wells Fargo Bank, N.A.</u>, No. 10-44193-MSH, 2012 WL 2974781, at *21 (Bankr. D. Mass. July 20, 2012) (citing <u>City of Boston v. Aetna Life Ins. Co.</u>, 506 N.E.2d 106, 109 (Mass. 1987)).

which underlie the demand letter requirement, which are: "first, to encourage negotiation and settlement and, second, to control the amount of damages recoverable by the plaintiff."[37] The thirty-day requirement allows parties to negotiate and settle before incurring the costs associated with litigation. For the same reason, cases have been dismissed when demand letters were sent but contained inadequate information, which would undermine the policies behind the demand letter requirement.[38]

Courts should, however, consider the policy behind Chapter 93A and the circumstances of the case at hand in determining whether failure to wait thirty days before filing suit is a proper basis for dismissal. The First Circuit has held that the requirements under 93A § 9(3), including the waiting period, are "a prerequisite to suit," but that a plaintiff should be given leave to amend if they actually mailed the letter but failed to allege so in the pleading."[39] In addition, where a plaintiff sought a temporary restraining order to halt a pending foreclosure sale from occurring, this court found that "[t]he time of the suit is not a basis to dismiss the Chapter 93A claim."[40]

---

[37] Thorpe v. Mutual of Omaha Ins. Co., 984 F.2d 541, 544 (1st Cir. 1993) (citing Slaney v. Westwood Auto, Inc., 322 N.E.2d 768, 779 (Mass. 1975)).

[38] Thorpe, 984 F.2d at 544 (1st Cir. 1993) (granting summary judgment for the defendant when the plaintiff's letter did not contain specific information about the injuries suffered); Whyte v. Connecticut Mut. Life Ins. Co., 818 F.2d 1005, 1014 (1st Cir. 1987) (finding that the plaintiff's claim under Chapter 93A § 3(9)(g) was barred because the plaintiff did not refer to a violation of this section in her demand letter); Bressel v. Jolicoeur, 609 N.E.2d 94, 98 (Mass. App. Ct. 1993) (dismissing plaintiff's claim because the demand letter did not reference specific fraudulent acts).

[39] Rodi v. S. New England School of Law, 389 F.3d 5, 20 (1st Cir. 2004)

[40] McKensi v. Bank of America, N.A., No. 09-11940-JGD, 2010 WL 3781841, at *3 (D. Mass. Sept. 22, 2010) ("While it would have been more appropriate to commence the action, wait the 30 days and then move to amend to add the ch. 93A claim, the Bank has cited no cases and none have been found where the premature filing of a complaint constitutes a waiver of a plaintiff's right to assert a 93A action. Since the demand letter was served, the Bank has had ample opportunity to assess the merits of the plaintiff's claim and make a settlement offer if

In other cases, plaintiffs who file suit less than thirty days after sending the demand letter have been given leave to amend the complaint to include a claim under Chapter 93A.[41]  In <u>Tarpey v. Crescent Ridge Dairy, Inc.</u>, the Massachusetts Court of Appeals allowed the plaintiff leave to amend the pleading of a products liability case to include a claim under the Consumer Protection Act.[42]  The plaintiff had sent a demand letter to the defendant after the initial complaint, which did not include a claim under Chapter 93A, but waited thirty days after the letter had been sent to file a motion for leave to amend the complaint to include the Chapter 93A claim.[43]

Here, Plaintiffs' failure to wait the statutory thirty-day period before filing suit is contrary to the first reason behind the demand letter requirement: "to encourage negotiation and settlement . . . ."[44]  By filing the complaint nine days after the sending the demand letter,[45] Plaintiffs limited Defendant's opportunity to consider settlement before the case was brought to court.[46]  Plaintiffs sent the letter, and properly pled so, but failed to follow the statute completely.

Plaintiff's failure to follow the statutory requirements is not similar to one who did wait the thirty-day period but simply forgot to plead so in the complaint.  Nor is Plaintiff's failure analogous to one who filed a complaint and mailed a demand letter, waited the thirty-day period, and then sought leave of the court to amended the complaint to include a Chapter 93A claim.

───────────────

appropriate.").

[41] <u>Tarpey v. Crescent Ridge Dairy, Inc.</u>, 713 N.E.2d 975, 983 (Mass. App. Ct. 1999).

[42] <u>Id.</u>

[43] <u>Id.</u>

[44] <u>Thorpe</u>, 984 F.2d at 544

[45] Compl. ¶ 26.

[46] <u>See</u> <u>Thorpe</u>, 984 F.2d at 544.

Lastly, this situation is not like McKensi v. Bank of America, N.A. because in that case the foreclosure had yet to occur.[47]  In the instant case the foreclosure sale had already taken place, and there were, therefore, no exigent circumstances requiring the immediate filing of Plaintiffs' Chapter 93A claim.  Waiting thirty days to file suit would not, therefore, have had the same detrimental effect on these Plaintiffs as it would have had on the plaintiff in McKensi where the foreclosure had not yet occurred.[48]  Allowing plaintiffs to ignore the thirty day requirement would undermine the policies behind the demand letter requirement.  Because Plaintiffs did not follow the statutory requirement of the demand letter under Chapter 93A § 9(3) by waiting thirty days after sending a demand letter to file suit, Defendant's motion to dismiss Count II is ALLOWED.

IV.    Conclusion

        For the foregoing reasons, Defendant's Motion to Dismiss [#8] is DENIED IN PART, as it relates to Count I of Plaintiffs' Complaint, and ALLOWED IN PART, as it relates to Count II of Plaintiffs' Complaint.


IT IS SO ORDERED.


                                        /s/ Joseph L. Tauro
                                    United States District Judge

---

[47] McKensi, 2010 WL 3781841, at *3.

[48] See id.

10